BENJAMIN CRANE AND OTHERS
vs.
ANNE E. SEYMOUR AND OTHERS.

SEPTEMBER TERM, 1850.

[ACT OF 1842, CH. 293, RELATING TO MARRIED WOMEN.]

WHEN a creditor proceeds under the 9th Section of the Act of 1842, ch. 293, to reach the property of a married woman, he must show that she earned it by her skill, industry, or personal labor, and must prove his claim according to the course of the attachment law, proceeding by way of attachment from the County Court.

The questions of fact and of law which may arise under this act, and the proceedings it authorizes, are intended and peculiarly fitted for decision by Courts of law aided by juries.

The question whether the property was earned by the married woman, and is liable for her debts, must be passed upon by a jury, and equity can only interfere to preserve the property from waste or destruction pending the litigation at law.

A peculiar and special mode of proceeding, to be pursued by creditors who attempt to reach the property of married women under this Act, is prescribed by the Act itself, and to this mode creditors are restricted.

[The facts of this case are fully stated in the opinion of the Chancellor.]

THE CHANCELLOR:

It appears by the record in this case, that on the 24th of October last, the complainant, Crane, sued out of Baltimore County Court the writ of attachment against the defendant, Anne E. Seymour, a married woman, founding his right so to proceed upon the 8th section of the Act of 1842, ch. 293; and that the writ so issued was returned by the sheriff, laid in the hands of Bardolph, and Boulding, and others, on the following day, being the 25th of the month.

The attachment was issued to recover the sum of $134 89, for sundry articles of merchandise sold and delivered by the plaintiff to Mrs. Seymour (according to the petition filed by

him in the County Court), as a *feme sole*, and for which, as insisted by the plaintiff, her property to a certain amount is responsible under said Act.

It further appears that on the said 25th of October, but before the attachment was levied, Anne E. Seymour and her husband, Edward Seymour, executed a bill of sale to the defendant Boulding, of the property proposed to be affected by the attachment, in trust, to pay the debts of the husband and wife, and that on the day following, they made to the same party a second bill of sale for the same purpose.

Under these circumstances, the present bill was filed on the equity side of Baltimore County Court by Crane, the attaching creditor, and Armstrong and Caton, in behalf of themselves and such other of the creditors of Anne E. Seymour as may make themselves parties by contributing to the expense of the suit, in which, after giving a detailed statement of the facts, and charging that the bills of sale were fraudulent, and designed to hinder, delay, and obstruct the complainant and the other creditors of Anne E. Seymour, and further charging that said Seymour and wife and Boulding are not, nor is either of them, so solvent and responsible as to make the property, consisting of merchandise, safe in their hands, and that said merchandise is in great danger of being wasted and improperly disposed of, in which event the creditors of Mrs. Seymour would be without remedy or recourse, they prayed the Court to interpose by injunction for its preservation, and that a receiver should be appointed to take possession of and sell the same.

The County Court upon this bill granted the injunction and appointed a receiver, and answers having been filed by the defendants, and motions made to dissolve the injunction and discharge the receiver, and the record being now in this Court under the provisions of the Act of Assembly in such case made and provided, and counsel having been heard in support of and in opposition to the motion, the proceedings have been duly considered.

The answer of the defendants, after denying the fraud

charged against them, and also denying that the property in question was the separate property of Mrs. Seymour, and affirming that the deed to Boulding was valid and effectual, as a provision for the equal and fair payment of all the creditors of Edward and Anne E. Seymour, expressly denies the allegation of the insolvency of the parties as charged in the bill, and that the property, by reason thereof, is insecure in their hands.

In the view which I have taken of this case, I do not consider it my duty to go over all the ground occupied in the argument, nor to express an opinion as to the interpretation of the Act of Assembly. Whether the particular section of that Act should receive a liberal or restricted construction remains to be decided hereafter, when a case shall arise properly presenting the question.

The question now is, whether the injunction granted by the County Court, and the order appointing a receiver, shall stand or be rescinded, and this, as it appears to me, does not necessarily or properly, as the case now stands, call for the interpretation of the statute.

This bill, as I conceive, cannot be supported as an appeal to the independent and peculiar jurisdiction of this Court, to vacate conveyances made in fraud of the rights of creditors. It addresses itself, not to the active and restorative authority of the Court, but to its protective power, and asks, and can only properly ask, that the property from which the creditors seek to be paid, shall be preserved until their legal rights to such payment can be adjudicated in the appropriate *forum*. Chancery, in a case like the present, can be only *ancillary* to the Courts of Law, and would, as I think, be going beyond its appropriate bounds, if it undertook to supersede the legal tribunal, and grant relief upon its own idea of the justice of the case, without waiting for the judgment of that tribunal.

It will be observed, that the section of the Act of Assembly referred to, does not make the earnings of a married woman liable in all the modes of proceedings, by which the property of persons under no disability may be reached by their credi-

tors. The proviso to the section is "That such money or property shall be liable for the payment of any claim or debt incurred by such married woman, and be liable to be proceeded against by attachment from the County Court, to compel such payment upon petition and proof of claim, according to the circumstances of each case, and according to the course of the attachment law."

When the creditor proceeds under this Act, to reach the property of a married woman, he must show that she earned it by her skill, industry, or personal labor, and he must prove his claim according to the course of the attachment law, proceeding by way of attachment from the County Court. The questions of fact, and the questions of law which may arise under this Act of Assembly, and the proceedings which it authorizes, are questions intended and peculiarly fitted for decision by Courts of Law, aided by juries.

In the case now under consideration, a great deal of evidence has been taken, and much of the argument has turned upon two questions of fact: *first*, whether the property in dispute was earned by Mrs. Seymour, and *secondly*, whether, conceding she did earn it, in a certain sense, it was so exclusively the fruit of her skill, industry, or personal labor, as to subject it to the demands of the parties who are seeking to be paid out of it. Now I think it very clear that these are questions of fact, not only peculiarly proper to be passed upon by a jury, but that it was the manifest intention of the Legislature that they should be so passed upon, and that this Court, in undertaking to decide them, would be unduly stretching its authority.

The Legislature, by this law, has conferred certain rights upon, and subjected married women, or the fruits of the industry and labor of married women, to the claims of creditors who can bring themselves within its provisions; but a peculiar and special mode of proceeding to be pursued by them, is to be marked out, and there can, it is thought, be no doubt that they are restricted to that mode. The proceeding is by way

of attachment from the County Court, upon petition and proof of claim, according to the course of the attachment law; and hence it clearly follows, that even in the County Court the creditor must fail of his object, if he attempts to recover his claim by any other remedy; and if this be so, it follows inevitably that this Court cannot be successfully resorted to.

It is not meant to be said (indeed, the contrary doctrine is believed to be maintainable), that in a proper case, this Court may not interpose to prevent the property charged to be liable to the claims of creditors, from waste or destruction, pending the litigation at law. And upon the allegation of the bill in the present case, showing the property to be in danger, the County Court, in my opinion, was fully justified in interfering for its preservation. But such interposition does not rest, upon any right in the Equity Court, to extend its aid primarily and in the exercise of an independent power, to adjudicate upon the rights of the parties. It is merely authorized when danger is shown, to put its hand upon the property to preserve it, until the tribunal authorized to adjudicate upon the rights of the parties shall have pronounced its judgment.

The attachment in this case was laid in the hands of Boulding and others, as garnishees, and if, upon the trial in the County Court, the plaintiff shall succeed in establishing his claim, and in showing that the property which was transferred to Boulding by the bills of sale, was liable to be proceeded against in this way, by a creditor of Mrs. Seymour, he must recover a judgment against Boulding, upon which he can make his money.

He will not, it is true, get a judgment of condemnation against the property, but as the case now presents itself, a judgment against the garnishee will be equally available to him, there being nothing in the record from which we have a right to suppose he is not fully responsible, the averment affecting his solvency being flatly contradicted by the answer, and the proof being entirely silent upon the subject.

These views dispose of the case so far as all the defendants are concerned, except McMullen, with regard to whom an

agreement has been filed, which, as between him and the plaintiffs, must govern the case.

[The Chancellor then passed an order dissolving the injunction, and discharging the receiver.]

WALLIS, for Complainants.
DULANY, for Defendants.